1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN KEENE,

        Plaintiff,               No. CIV S-07-0206 FCD GGH P

    vs.

CHIEF MEDICAL OFFICER
HAWKINS, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

§ 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28

U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

§ 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

1

1   month's income credited to plaintiff's prison trust account.  These payments shall be collected

2   and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

3   plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989); Franklin, 745 F.2d at 1227.

17          A complaint, or portion thereof, should only be dismissed for failure to state a

18   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

19   of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

20   Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

21   Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

22   a complaint under this standard, the court must accept as true the allegations of the complaint in

23   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

24   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

25   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26   /////

1    The complaint states a colorable claim for relief against defendant Akintola

2 pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

3    The complaint contains no specific allegations against defendants Hawkins,

4 Hoshimoto and Pepper.

5    The Civil Rights Act under which this action was filed provides as follows:

6    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
7    deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
8    law, suit in equity, or other proper proceeding for redress.

9 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

10 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

11 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

12 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

14 omits to perform an act which he is legally required to do that causes the deprivation of which

15 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16    Moreover, supervisory personnel are generally not liable under § 1983 for the

17 actions of their employees under a theory of respondeat superior and, therefore, when a named

18 defendant holds a supervisorial position, the causal link between him and the claimed

19 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

20 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

21 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

22 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

23 Cir. 1982).

24    Because the complaint contains no allegations against defendants Hawkins,

25 Hoshimoto and Pepper, the claims against these defendants are dismissed with leave to amend.

26 /////

3

1          If plaintiff chooses to amend the complaint, plaintiff is informed that the court

2   cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local

3   Rule 15-220 requires that an amended complaint be complete in itself without reference to any

4   prior pleading.  This is because, as a general rule, an amended complaint supersedes the original

5   complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

6   complaint, the original pleading no longer serves any function in the case.  Therefore, in an

7   amended complaint, as in an original complaint, each claim and the involvement of each

8   defendant must be sufficiently alleged.

9          Accordingly, IT IS HEREBY ORDERED that:

10         1.  Plaintiff's request to proceed in forma pauperis is granted;

11         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

12   The fee shall be collected and paid in accordance with this court's order to the Director of the

13   California Department of Corrections and Rehabilitation filed concurrently herewith.

14         3.  Plaintiff's claims against Hawkins, Hoshimoto and Pepper are dismissed for

15   the reasons discussed above, with leave to file an amended complaint within thirty days from the

16   date of service of this Order.  Failure to file an amended complaint will result in a

17   recommendation that these defendants be dismissed from this action.

18         4.  Upon filing an amended complaint or expiration of the time allowed therefor,

19   the court will make further orders for service of process upon some or all of the defendants.

20   DATED: 3/7/07

21                                        /s/ Gregory G. Hollows

22                                        _____
                                         UNITED STATES MAGISTRATE JUDGE

23

24

ke206.b1

25

26

4