1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRIAN KEENE,

11          Plaintiff,                    No. CIV S-07-0206 FCD GGH P

12       vs.

13   CHIEF MEDICAL OFFICER, et al.,

14          Defendants.              <u>ORDER</u>

15   _____/

16          On April 15, 2008, plaintiff filed a motion for a court ordered physical

17   examination.  Although made pursuant to Fed. R. Civ. P. 35(a), the court construes plaintiff's

18   motion as a request for the appointment of a medical expert pursuant to Rule 706(a) of the

19   Federal Rules of Evidence.  Perhaps realizing that his April 15, 2008, motion should have been

20   brought pursuant to Rule 706(a), on May 13, 2008, plaintiff a motion for appointment of a

21   medical expert pursuant to this rule.

22          After reviewing the record, the court finds that appointment of a medical expert at

23   this stage of the proceedings is not warranted.  Accordingly, these requests are denied.

24          On April 4, 2008, plaintiff filed objections to defendants' subpoena and a motion

25   to quash the subpoena.  Attached to the motion as an exhibit is a copy of the at-issue subpoena.

26   The subpoena is addressed to Mule Creek State Prison and seeks copies of plaintiff's medical

1    records.  On April 17, 2008, defendants filed an opposition to the motion to quash.

2            It appears that plaintiff misunderstood the subpoena to be addressed to him.  As

3    discussed above, the subpoena directs prison officials at Mule Creek State Prison to produce the

4    requested documents.  For the reasons stated in defendants' opposition, plaintiff's objections to

5    the subpoena are without merit.  Accordingly, the motion to quash is denied.

6            On April 4, 2008, plaintiff filed a motion for sanctions, on grounds that defendant

7    Pepper failed to follow proper procedure regarding issuance of the subpoena discussed above.

8    For the reasons discussed above, the court finds that plaintiff's motion is based on a

9    misunderstanding regarding who the subpoena is directed to.  Accordingly, the motion for

10   sanctions is denied.

11           On April 11, 2008, plaintiff filed a motion for a scheduling order.  Plaintiff is

12   informed that the court will shortly issue a scheduling order.  Plaintiff also requests that the court

13   issue an order requiring the parties to meet and confer.  The April 18, 2008, discovery order

14   provides that the parties are not required to meet and confer regarding discovery disputes.  See

15   April 18, 2008, discovery order, p. 2: 5.

16           Accordingly, IT IS HEREBY ORDERED that:

17           1.  Plaintiff's April 15, 2008, motion for a physical examination and May 13,

18   2008, motion for appointment of a medical expert are denied (court file docs. nos. 40 and 52);

19           2.  Plaintiff's motion to quash the subpoena, contained in his April 4, 2008,

20   objections, is denied (court file doc. no. 37);

21           3.  Plaintiff's motion for sanctions is denied (court file doc. no. 38);

22           4.  Plaintiff's April 11, 2008, motion for a scheduling order is denied as

23   unnecessary (court file doc. no. 39).

24   DATED: 05/28/08

                                        /s/ Gregory G. Hollows
25                                      _____
     keene.ord                          UNITED STATES MAGISTRATE JUDGE
26

                                        2